UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ANDREW B. KATAKIS and CAPITAL EQUITY MANAGEMENT GROUP, INC., a California corporation,<br><br>             Plaintiffs,<br><br>     v.<br><br>WILEY CHANDLER, STEVEN SWANGER, KENNEN SWANGER, RICHARD NORTHCUTT, and DOES 1-20, inclusive,<br><br>             Defendants. | CIV. NO. 2:15-02526 WBS KJN<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

Plaintiffs Andrew B. Katakis and Capital Equity Management Group, Inc. ("CEMG") initiated this civil suit against defendants Wiley Chandler, Steven Swanger, Kennen Swanger, and Richard Northcutt, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 15 U.S.C. §§ 1961 et seq. (Compl. (Docket No. 1).) Presently before the court is defendants' motion to dismiss plaintiffs' Complaint for failure to state a claim upon which relief may be granted

1

pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket No. 10.)

I.   Factual and Procedural History

On March 11, 2014, a jury found Katakis guilty of a bid rigging conspiracy to interfere with competition at San Joaquin County real estate foreclosure auctions in violation of the Sherman Antitrust Act, 15 U.S.C. § 1, and obstruction of justice, 18 U.S.C. § 1519.  (Criminal Docket in United States v. Chandler, et al., Cr. No. 2:11-CR-00511 ("Criminal Docket") No. 277.)  This court entered a judgment of acquittal on the obstruction of justice count, (Criminal Docket No. 317), and the Ninth Circuit affirmed, (Criminal Docket Nos. 365, 368).

On June 2, 2014, Katakis filed a motion for new trial on his bid rigging conspiracy conviction.  (Criminal Docket No. 328.)  On February 3, 2016, Katakis filed an amended motion for new trial, (Criminal Docket No. 445), which is currently pending before this court.

In the present civil action, plaintiffs allege defendants falsely accused Katakis of knowingly being a part of the bid rigging and mail fraud conspiracy by providing false information in numerous meetings with federal investigators and prosecutors from November 2010 to December 2011, fabricating emails to corroborate the allegedly false accusations, falsely testifying at the grand jury hearing and criminal trial, and endeavoring to influence others to falsely testify.  (Compl. at 12-20; Pl.'s Opp'n at 35 (Docket No. 13).)  Defendants Chandler, Northcutt, and Kennen Swanger testified against Katakis at the criminal trial in exchange for plea agreements from the

1  government. (Pl.'s Opp'n at 1.)  Steve Swanger also testified
2  against Katakis though he had not been criminally charged. (Id.
3  at 1-2.)
4       Plaintiffs assert two causes of action under RICO: (1)
5  a pattern of racketeering based on multiple instances of
6  obstruction of justice, obstruction of a criminal investigation,
7  and witness tampering, 18 U.S.C. § 1962(c); and (2) conspiracy to
8  violate 18 U.S.C. § 1962(c), 18 U.S.C. § 1962(d). (Compl. at 22-
9  27.)  Plaintiffs seek damages for the injury caused to
10 plaintiffs' business and property, attorney's fees, expenses, and
11 costs. (Id. at 27.)
12      Defendants argue plaintiffs' Complaint must be
13 dismissed under Heck v. Humphrey, 512 U.S. 477 (1994), because a
14 judgment in plaintiffs' favor would require a finding that
15 defendants testified falsely against Katakis and such a judgment
16 would necessarily imply the invalidity of Katakis' criminal
17 conviction. (Defs.' Mot. at 14.)  The government, in a statement
18 of interest filed pursuant to 28 U.S.C. § 517, argues the
19 Complaint should not be dismissed at this time but rather the
20 court should stay the civil action pending resolution of the
21 criminal case against Katakis. (Gov't's Statement of Interest at
22 1 (Docket No. 12).)  Plaintiffs do not object to the court
23 staying this civil action pending resolution of Katakis' motion
24 for new trial in the related criminal matter. (Pl.'s Resp. to
25 Gov't's Statement of Interest at 1 (Docket No. 15).)
26 II.  Discussion
27      A criminal defendant may not bring a civil action for
28 damages if judgment in his favor "would necessarily imply the

3

invalidity of his [criminal] conviction or sentence." Heck, 512 U.S. at 488.  If "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" than "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Id.  A conviction or sentence is invalidated if "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Id. at 487.  The Heck holding is based on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."  Id. at 486; see also Wallace v. Kato, 549 U.S. 384, 392 (2007).

        Although Heck dealt specifically with whether a civil rights claim was actionable under 42 U.S.C. § 1983, courts within the Ninth Circuit have found that Heck "applies with equal force to civil RICO claims."  Garcia v. Scribner, Civ. No. 97-0742 CRB, 1998 WL 397895, at *2 (N.D. Cal. July 10, 1998); see also Boulware v. Dep't of Ins., Civ. No. 09-4325-R(E) MLR, 2009 WL 3271060, at *5 (C.D. Cal. Oct. 8, 2009) ("Heck also applies to RICO claims."); Oberg v. Asotin County, 310 F. App'x 144, 145-46 (9th Cir. 2009) (finding the district court properly dismissed plaintiff's claims alleging a racketeering conspiracy and challenging the investigation under Heck).  But see Hunter v. Gates, Civ. No. 99-12811, 2001 WL 837697, at *2-3 (C.D. Cal. Apr. 16, 2001) (finding Heck does not apply to civil RICO claims).

1           The Heck bar takes effect when there is an extant
2 criminal conviction or sentence that has not been invalidated.
3 If, as in this case, a plaintiff files a civil "claim related to
4 rulings that will likely be made in a pending or anticipated
5 criminal trial," it is "within the power of the district court,
6 and in accord with common practice, to stay the civil action
7 until the criminal case or the likelihood of a criminal case is
8 ended." Kato, 549 U.S. at 393-94. "If the plaintiff is
9 ultimately convicted, and if the stayed civil suit would impugn
10 that conviction, Heck will require dismissal; otherwise, the
11 civil action will proceed, absent some other bar to suit." Id.
12 at 394.
13           Katakis' criminal conviction is not yet final as his
14 motion for new trial is currently pending before this court. See
15 Clay v. United States, 537 U.S. 522, 527 (2003). Accordingly,
16 under Kato, the court will stay plaintiffs' civil action unless
17 and until Heck no longer bars plaintiffs' claims. If Katakis is
18 ultimately acquitted or his conviction is set aside on collateral
19 attack, Heck will not preclude this civil RICO action.
20           IT IS THEREFORE ORDERED that plaintiffs' civil RICO
21 action (Docket No. 1) be, and the same hereby is, STAYED pending
22 resolution of the criminal case. IT IS FURTHER ORDERED that
23 defendants' motion to dismiss (Docket No. 10) be, and the same
24 hereby is, DENIED without prejudice as moot.

25 Dated: March 17, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE